[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR TEMPORARY INJUNCTION
Plaintiff Life Plans Unlimited, Inc. seeks a temporary injunction. It wants this court to restrain defendant Thompson Peck, Inc. from collecting insurance premiums which Thompson 
Peck earns on the sale of health insurance to members of the defendant Connecticut Retail Merchants Association, Inc. Plaintiff also wants this court to enjoin the retail association and its subsidiary, CRMA, Inc., from requiring their members to name Thompson Peck as their exclusive agent of record. At the request of the court, the parties submitted briefs discussing the propriety of a temporary injunction. The parties were asked to assume the plaintiff will establish the facts alleged in the complaint. After reviewing the briefs, the court has concluded that a temporary injunction would be inappropriate.
Plaintiff filed this lawsuit on July 22, 1991. The plaintiff contends that the defendant association breached an exclusive agreement under which the plaintiff enrolled members of the defendant association in a group health insurance plan. Defendant Thompson Peck, Inc. now sells health insurance to the members. Plaintiff argues that it needs a temporary injunction to prevent intangible injuries to its customer relationships and a loss of income which injuries it claims cannot be accurately measured. The plaintiff also argues that the court may issue a temporary injunction in this case without a showing of irreparable harm because the defendants' conduct constitutes a violation of the Connecticut Anti-Trust Act, Gen. Stat. 35-24 et. seq.
"[T]he Connecticut Anti-Trust Act; General Statutes 35-34; permits private attorneys general to obtain injunctions only in accordance with `the rules and principles governing the granting of injunctive relief.'" Caldor's, Inc. v. Bedding Barn, Inc.,177 Conn. 304, 317 (1979). Aggrievement and irreparable harm must be shown by a private litigant under 35-34. "The requirements for a temporary injunction are (1) establishing a legal right, which involves a determination of the probability of the plaintiff's succeeding on the merits and that there is no other adequate remedy at law; and (2) the imminence of a substantial and irreparable injury to the plaintiff, considered together with the effect of a temporary in junction on the CT Page 7914 plaintiff and the defendant." Connecticut Association of Clinical laboratories, et al v. Connecticut Blue Cross, Inc., et al, 31 Conn. Sup. 110, 113 (197 3).
The fact damages might be difficult to measure with exactitude will not bar a litigant from a recovery. As long as a litigant lays a foundation which will enable the trier to make a fair and reasonable estimate, the trier may award damages. Griffin v. Nationwide Moving Storage Co., 187 Conn. 405, 423
(1982).
The plaintiff's lawsuit is basically a claim for money damages. After carefully examining the plaintiff's complaint, the court finds that an award of money will provide adequate compensation for any injury suffered by the plaintiff. Accordingly, the court concludes that the plaintiff has an adequate remedy at law.
A temporary injunction is a harsh remedy. Because it is not a final judgment, the party aggrieved by the order cannot appeal the court's decision. In this case, it is apparent that a temporary injunction would severely disrupt the business relationship among the defendants. Because the plaintiff has an adequate remedy at law, such disruption is not appropriate.
The application for a temporary injunction is denied.
THIM, JUDGE.